UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TINA GOSS, | * | |
|     Plaintiff, | * | |
| v. | * | Civil Action No. EA-24-406 |
| THE UNITED STATES OF AMERICA, | * | |
|     Defendant. | * | |

**MEMORANDUM OPINION**

Plaintiff Tina Goss initiated the above-captioned action on February 9, 2024, filing suit individually and as the representative of the estate of her daughter, United States Navy (Navy) Petty Officer Tiara Marie Gray.  ECF No. 1.  Ms. Goss alleges a violation of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*; and violations of 42 U.S.C. § 1983 and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, related to the adjudication and review of Ms. Goss's administrative claim.  ECF Nos. 1 at 4; 1-1 ¶¶ 14–15.[1]  Pending before the Court is Defendant United States of America's Motion to Dismiss.  ECF No. 13.  Ms. Goss, who is self-represented, has not filed an opposition.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons set forth below, the United States' motion is granted because the Court lacks subject matter jurisdiction to hear Ms. Goss's claims.

**I.**      **Background[2]**

Petty Officer Gray joined the Navy in 2015.  ECF No. 1-6 at 4.  In the summer or fall of 2017 Petty Officer Gray voluntarily admitted herself into a Navy hospital because of suicidal

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

[2] This factual summary is drawn from the allegations in the Complaint (ECF Nos. 1, 1-1), which are accepted as true for the purposes of deciding this motion.  *E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (Fed. R. Civ. P. 12(b)(6) motion);

thoughts. *Id.* at 5.  Petty Officer Gray was discharged after 35 days of inpatient treatment "with little improvement." *Id.*  Petty Officer Gray continued to have "chronic suicidal ideation" and her "chances for relapse were high." *Id.*  Petty Officer Gray was "prescribed a very intense treatment plan to be followed for one year," but the treatment plan was not followed. *Id.*  In March 2018, Petty Officer Gray "was put on board of the USS Essex without access to the prescribed treatment plan or support for her in the event of suicidal thoughts." *Id.*  On April 2, 2018, Petty Officer Gray died by suicide while aboard the USS Essex.[3]  *Id.* at 4–5.

When Ms. Goss sought to obtain additional information about her daughter's death, the Navy instructed her to submit a Freedom of Information Act request. *Id.* at 5.  The request was referred to the Naval Criminal Investigative Service, which informed Ms. Goss that her request was denied due to the pendency of an investigation into Petty Officer Goss's death. *Id.* at 6.  Over two years later, Ms. Goss still had not received the requested medical and personnel records of the results of the investigation. *Id.*

In 2020, Ms. Goss filed an administrative claim with the Navy, seeking damages for the alleged medical malpractice that led to Petty Officer Gray's wrongful death. ECF No. 1-6.  In 2022, the Navy made an initial determination that Ms. Goss's "claim fail[ed] to state a claim cognizable under 10 U.S.C. § 2733a and its implementing regulation." ECF No. 1-8 at 1.  The

---

*Kerns* v. *United States*, 585 F.3d 187, 192 (4th Cir. 2009) (Fed. R. Civ. P. 12(b)(1) motion).  The factual summary also incorporates information from exhibits to Ms. Goss's Complaint, including Exhibit A (administrative claim), ECF No. 1-6; Exhibit C (initial determination), ECF No. 1-8; Exhibit D (administrative appeal), ECF No. 1-9; and Exhibit F (final determination), ECF No. 1-11.  Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Goines* v. *Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166-167 (4th Cir. 2016); *see also infra* pp. 4–5.

[3] Additional details concerning Petty Officer Gray's health conditions and medical treatment are outlined in the medical records and the expert report attached to Ms. Goss Complaint.  ECF Nos. 1-6 at 9–17; 1-9 at 9–28; 1-10.  This personal information has been omitted from the factual summary because it does not bear on the legal issues presented for the Court's resolution.

Navy further advised Ms. Goss that its "investigation determined that the standard of care was met." *Id.* Ms. Goss appealed this decision. ECF No. 1-9. In 2023, the Miliary Medical Malpractice Claims Appeals Board found that the Navy had properly denied Ms. Goss's claim "on the basis that the standard of care was met." ECF No. 1-11 at 1.

Thereafter, Ms. Goss filed the instant action in which she alleges a violation of the Federal Tort Claims Act (FTCA) based on the Navy's alleged negligence and medical malpractice in connection with Petty Officer Gray's treatment, which resulted in her wrongful death. ECF Nos. 1 at 4–5; 1-1 at 2–3. Ms. Goss also challenges the manner in which her administrative claim was adjudicated and reviewed, which she argues violates 42 U.S.C. § 1983 and the Administrative Procedure Act (APA). ECF No. 1-1 at 2–6

## II.    Discussion

The United States moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the United States correctly argues that this Court lacks subject matter jurisdiction to hear Ms. Goss's claims, it is unnecessary to reach its alternative argument that Ms. Goss's Complaint fails to state a claim upon which relief may be granted.

### A.    Standard of Review

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute . . . , which is not to be expanded by judicial decree." *Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *see also Strawn* v. *AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) ("We begin with the undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations."). Therefore, "if Congress has not empowered the federal judiciary to hear a matter,

then the case must be dismissed." *Home Buyers Warranty Corp.* v. *Hanna*, 750 F.3d 427, 432 (4th Cir. 2014); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The limited jurisdiction of federal courts places the burden on the party asserting a claim to allege—and, when challenged, establish—the court's subject matter jurisdiction over the pending claim. *Home Buyers Warranty Corp.* 750 F.3d at 432.

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of subject matter jurisdiction challenges, those that "attack the complaint on its face" and those that "attack the existence of subject matter jurisdiction in fact." *Mortensen* v. *First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When presented with a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns* v. *United States*, 585 F.3d 187, 192 (4th Cir. 2009). Thus, the plaintiff that faces a facial challenge to subject matter jurisdiction "is afforded the same procedural protection as . . . under a Rule 12(b)(6) consideration." *Adams* v. *Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A factual challenge, however, permits the court to "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id.*

Here, the United States has raised a facial challenge to subject matter jurisdiction. ECF No. 13-1 at 8. Accordingly, the Court assesses the sufficiency of the allegations in the Complaint, which are presumed to be true. When deciding the pending motion, the Court may consider documents attached to the complaint. *Verizon Maryland, Inc.* v. *Global NAPS, Inc.*, 377 F.3d 355, 363 (4th Cir. 2004) (utilizing document attached to complaint to assess court's subject matter jurisdiction because document was "part of that pleading" under Fed. R. Civ. P.

4

10(c)); *Jake's Fireworks Inc.* v. *United States Consumer Prod. Safety Comm'n*, 498 F. Supp. 3d 792, 801 (D. Md. 2020) (same).

      **B.**      **Subject Matter Jurisdiction**

The United States argues that sovereign immunity divests the Court of subject matter jurisdiction because (1) the doctrine set forth in *Feres* v. *United States*, 340 U.S. 135 (1950), bars Ms. Goss's FTCA claim; (2) there is no waiver of sovereign immunity for official capacity claims under 42 U.S.C. § 1983; and (3) the Military Claims Act (MCA) does not authorize judicial review of administrative claims that do not raise a constitutional violation or create an independent cause of action, thus negating Ms. Goss's APA claim. ECF No. 13-1 at 3–4. Each of these arguments is addressed in turn below.

      1.      <u>FTCA Claim and the *Feres* Doctrine</u>

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued." *United States* v. *Dalm*, 494 U.S. 596, 608 (1990) (internal quotation marks and citation omitted); *Webb* v. *United States*, 66 F.3d 691, 693 (4th Cir. 1995). A sovereign immunity waiver "must be unequivocally expressed in statutory text" and it will "be strictly construed, in terms of its scope, in favor of the sovereign." *Lane* v. *Pena*, 518 U.S. 187, 192 (1996); *Welch* v. *United States*, 409 F.3d 646, 650-651 (4th Cir. 2005). Accordingly, any ambiguities must be construed in favor of immunity and exceptions to the conditions upon which the United States consents to be sued will not be implied. *United States* v. *Williams*, 514 U.S. 527, 531 (1995); *Lehman* v. *Nakshian*, 453 U.S. 156, 161 (1981).

The FTCA provides, in pertinent part, that the "United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Thus, the "FTCA effects a limited waiver of the United States' sovereign immunity for 'personal injury or death caused by the negligent or wrongful act or omission of any employee of

the Government while acting within the scope of his office or employment.'" *Welch*, 409 F.3d at 651 (quoting 28 U.S.C. § 1346(b)(1)). This waiver of sovereign immunity is limited by statutory and judicially created exceptions, the latter of which is relevant to the case at bar. As the Fourth Circuit Court of Appeals has explained, "[s]hortly after the Federal Tort Claims Act became law in 1946, the Supreme Court considered a series of cases in which service members or their executors sued the United States for injuries sustained 'due to negligence of others in the armed forces.'" *Clendening* v. *United States*, 19 F.4th 421, 427 (4th Cir. 2021) (quoting *Feres*, 340 U.S. at 138). The *Feres* Court "concluded that 'the Government is not liable under the Federal Tort Claims Act for injuries to serviceme[mbers] where the injuries *arise out of or are in the course of activity incident to service*.'" *Id.* (quoting *Feres*, 340 U.S. at 146) (emphasis in original).

In subsequent decisions, the Supreme Court has interpreted this language quite broadly and "emphasized that the paramount goal of the *Feres* doctrine is to avoid the potential for a 'civilian court to second-guess military decisions.'" *Minns* v. *United States*, 974 F. Supp. 500, 503 (D. Md. 1997), *aff'd*, 155 F.3d 445 (4th Cir. 1998) (quoting *United States* v. *Shearer*, 473 U.S. 52, 57 (1985)); *see also Clendening*, 19 F.4th. at 427-428. Thus, "the *Feres* test 'does not inquire whether the discrete injuries to the victim were committed in support of the military mission,' but instead whether the asserted injuries 'stem from the relationship between the plaintiff and the plaintiff's service in the military.'" *Nacke* v. *United States*, 783 Fed. Appx. 277, 281 (4th Cir. 2019) (quoting *Cioca* v. *Rumsfeld*, 720 F.3d 505, 515 (4th Cir. 2013)). The Fourth Circuit has described the coverage of the *Feres* doctrine as "vast" and noted that the Supreme Court has broadened it "'to encompass, at a minimum, *all* injuries suffered by military personnel that are even remotely related to the individual's *status* as a member of the military.'" *Clendening*, 19 F.4th at 428 (quoting *Stewart* v. *United States*, 90 F.3d 102, 105 (4th Cir. 1996))

(emphasis in original). Thus, the doctrine extends beyond suits filed by servicemembers and encompasses "claims by third parties that have their genesis in an injury to a servicem[ember] which was incident to [ ] military service," including "wrongful death suits by family members on behalf of military personnel." *Minns*, 974 F. Supp. at 503.

Ms. Goss's FTCA claim falls squarely within the *Feres* Doctrine exception to FTCA liability, which encompasses medical malpractice, negligence, and wrongful death claims. *E.g.*, *Carter* v. *United States*, No. 22-1703, 2024 WL 982282, at *1 (4th Cir. Mar. 7, 2024) (medical malpractice); *Clendening*, 19 F.4th. at 425, 428 (wrongful death); *Kendrick* v. *United States*, 877 F.2d 1201, 1206 (4th Cir. 1989) (medical negligence). Indeed, the Fourth Circuit has repeatedly affirmed the applicability of the *Feres* Doctrine to a very similar fact pattern, holding that negligence and medical malpractice claims arising from the United States military's alleged failure to supervise or adequately treat mentally ill servicemembers who subsequently died by suicide were barred. *Enders* v. *United States*, No. 90-1426, 1991 WL 10080, at *1, 924 F.2d 1051 (Table) (4th Cir. Feb. 4, 1991); *Yolken* v. *United States*, 590 F.2d 1303, 1303 (4th Cir. 1979).

As the Fourth Circuit has repeatedly acknowledged, the *Feres* Doctrine has been subject to wide-spread criticism and leads to "undeniably harsh results." *Appelhans* v. *United States*, 877 F.2d 309, 313 (4th Cir. 1989). Yet, the Court of Appeals has also instructed that unless and until the Supreme Court overrules *Feres*, lower courts remain bound by the decision and its progeny. *E.g.*, *Clendening*, 19 F.4th. at 431; *Appelhans*, 877 F.2d at 313. Accordingly, this Court lacks subject matter jurisdiction and Ms. Goss's FTCA claim must be dismissed.

    2.    <u>42 U.S.C. § 1983</u>

Section 1983 imposes liability on a person who deprives any other person of any right, privilege, or immunity secured by the Constitution and laws while acting under color of law "of

7

any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  Thus, to "state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West* v. *Atkins*, 487 U.S. 42, 48 (1988).  This statute "is of only limited scope" and "does not reach . . . actions of the Federal Government." *District of Columbia* v. *Carter*, 409 U.S. 418, 424 (1973); *see also Owens* v. *Clark*, No. 87-7365, 1988 WL 21260, at *1, 842 F.2d 1291 (Table) (4th Cir. March 7, 1988) ("The defendants in this case are all federal employees and as such may not be sued under § 1983."); *Curtis* v. *Pracht*, 202 F. Supp. 2d 406, 418 (D. Md. 2002) ("Section 1983 . . . has no application to the federal government or its officers.").  As these cases make clear, to the extent Ms. Goss's claim regarding the adjudication and review of her administrative claim is premised on Section 1983, it fails because the statute does not encompass actions of the federal government or its officers.

Section 1983 was initially enacted in 1871 and for the following 100 years, "Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government." *Ziglar* v. *Abbasi*, 582 U.S. 120, 130-131 (2017). In 1971, the Supreme Court decided *Bivens* v. *Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which, together with two subsequent decisions, recognized an implied cause of action to remedy certain constitutional violations by federal officials.[4] *Id.* at 131-132.  Liability under *Bivens* does not, however, extend to a federal agency. *Federal Deposit Ins. Corp.* v. *Meyer*, 510 U.S. 471, 486 (1994) (rejecting an extension of *Bivens* liability from federal agents to federal agencies).  The Supreme Court has explained that permitting recovery against a federal agency would undermine the purpose of *Bivens*, which "is to deter the *officer*,"

---

[4] *See also Carlson* v. *Green*, 446 U.S. 14, 17-19 (1980); *Davis* v. *Passman*, 442 U.S. 228, 248-249 (1979).

and would implicate "federal fiscal policy," something that is better suited for Congress. *Id*. at 485-486 (emphasis in original).

Moreover, the exception to FTCA liability established by the *Feres* Doctrine extends to *Bivens* claims and therefore "no *Bivens* remedy is available for injuries that 'arise out of or are in the course of activity incident to service.'" *United States* v. *Stanley*, 483 U.S. 669, 684 (1987) (quoting *Feres*, 340 U.S. at 146); *see also Aikens* v. *Ingram*, 811 F.3d 643, 648-649 (4th Cir. 2016), as amended (Feb. 1, 2016) (noting the extension of the *Feres* Doctrine from the FTCA to other claims against federal officials, including *Bivens* actions). Thus, the outcome remains the same even if the Court were to liberally construe Ms. Goss's Complaint as alleging a *Bivens* claim in lieu of a Section 1983 claim. *See*, *e.g.*, *Snowden* v. *United States Dep't of Veterans Affs.*, Civil Action No. GLR-20-2913, 2021 WL 4750517, at *4 (D. Md. Oct. 8, 2021).

3. <u>The APA and the Military Claims Act</u>

The APA provides, in pertinent part, that any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The judicial review afforded by the APA does not apply where "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)-(2).

The Military Claims Act (MCA), 10 U.S.C. § 2731 *et seq.*, vests the secretaries of military departments with the authority to, among other things, settle claims against the United States for personal injury or death and medical malpractice. 10 U.S.C. §§ 2733(a)(3), 2733a(a); *Minns*, 974 F. Supp. at 507. The term "settle" is defined to include disposal of a claim, including by disallowance. 10 U.S.C. § 2731 (defining "settle" as meaning "consider, ascertain, adjust, determine, and dispose of a claim, whether by full or partial allowance or by disallowance"). Excluded from the MCA's ambit are claims "for personal injury or death of such a member or

civilian officer or employee whose injury or death is incident to his service." 10 U.S.C. § 2733(b)(3).

The MCA further provides that "[n]otwithstanding any other provision of law, the settlement of a claim under section 2733 [and] 2733a . . . is final and conclusive." 10 U.S.C. § 2735. The Fourth Circuit has held that this statutory language vests "final discretion over military claims with the military and not with the courts." *Minns* v. *United States*, 155 F.3d 445, 453 (4th Cir. 1998). Accordingly, "judicial review of a denial of a claim under the MCA is barred" in all cases except where a plaintiff alleges a constitutional violation or that the agency exceeded the scope of its authority or violated a clear statutory mandate. *Duncan* v. *West*, No. 97-1876, 1998 WL 387191, at *2-3, 153 F.3d 719 (Table) (4th Cir. June 24, 1998) (*Duncan II)*; *see also Carter* v. *United States*, Civil Action No. ELH-21-1315, 2022 WL 1642260, at *23 (D. Md. May 24, 2022), *aff'd*, No. 22-1703, 2024 WL 982282 (4th Cir. Mar. 7, 2024); *Duncan* v. *West*, 965 F. Supp. 796, 800-801 (E.D. Va. 1997), *aff'd*, 153 F.3d 719 (Table) (4th Cir. June 24, 1998) (*Duncan I*). Thus, in the ordinary case, judicial review of the Secretary of Defense's action on a claim is unavailable under the APA. *Duncan II*, 153 F.3d 719, 1998 WL 387191, at *2. Various Circuit Courts of Appeals have recognized "'that the administrative claims procedure is an appropriate balance between individual rights and Congress' desire to avoid the disruptive effect that judicial review may have on the prompt and authoritative administrative settlement of claims against the military.'" *Schneider* v. *United States*, 27 F.3d 1327, 1332 (8th Cir. 1994) (quoting *Heller* v. *United States*, 776 F.2d 92, 98 (3d Cir. 1985)) (collecting cases).

In this action, Ms. Goss challenges the adjudication and review of her administrative claim with the Navy, but her allegations do not fall into the narrow exceptions for judicial review. Ms. Goss does not allege that the Navy exceeded its authority or violated a clear statutory mandate. Instead, she asserts that the government's denial was so "perfunctory" as to

10

be "devoid of due process." ECF No. 1-1 at 5. Courts have found similar arguments unpersuasive. *E.g.*, *Petitfrere* v. *Austin*, Civil Action No. 1:22-CV-1819-RCL, 2023 WL 5348748, at *4 (D.D.C. Aug. 21, 2023), *dismissed sub nom.*, No. 23-5195, 2024 WL 1223518 (D.C. Cir. Mar. 18, 2024) (concluding that the Department of Defense's "formulaic, boilerplate explanations" for the denial of the servicemember's administrative claim did not violate due process). As the Fourth Circuit has held, there is no due process violation where a claimant "received notice of the reasons for the denial" and "made use of the opportunity for review by the Secretary by submitting extensive argument, expert opinion and other materials." *Duncan II*, 153 F.3d 719, 1998 WL 387191, at *3; *accord Hata* v. *United States*, 23 F.3d 230, 234 (9th Cir. 1994); *Tyree* v. *United States*, Civil Action No. 5:07-CV-144, 2009 WL 10677427, at *5 (E.D. Tex. Aug. 10, 2009); *MacCaskill* v. *United States*, 834 F. Supp. 14, 18 (D.D.C. 1993), *aff'd*, 24 F.3d 1464 (D.C. Cir. 1994). In essence, Ms. Goss invites this Court to substitute its judgment for that of the Secretary, which is foreclosed by statute and precedent.

## III. Conclusion

For the foregoing reasons, the United States' Motion to Dismiss (ECF No. 13) is granted. A separate Order follows.

Date: September 10, 2024                         /s/
                                                 Erin Aslan
                                                 United States Magistrate Judge